UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEN DRUZANOVIC, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2870 |
| | § | |
| JEFFERSON SESSIONS III, *et al*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Alen Druzanovic filed a petition for a writ of habeas corpus challenging the length of his detention in connection with proceedings to remove him from the United States. Respondents filed a motion to dismiss the petition. For the following reasons, the respondents' motion is granted and the petition is dismissed.

**I.    Background**

On September 23, 2016, petitioner filed his petition for a writ of habeas corpus. On September 26, 2016, this Court ordered respondents to answer within 60 days. On November 17, 2016, respondents filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Petitioner did not respond to the motion.

Respondents contend that petitioner was removed from the United States on November 7, 2016. *See* Respondents' Motion, Exh. 1. They contend that, because Druzanovic is no longer in the United States, his petition is moot.

**II.    Standard of Review**

Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction.

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998).

### III. Analysis

Druzanovic's petition contends that his pre-removal detention exceeded a permissible duration. Respondents argue that he has since been removed to Bosnia and is no longer in detention.

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). When the interest at stake at the commencement of litigation ceases to exist, a case becomes moot. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm's v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation marks and citation omitted). When a claim becomes moot, there no longer remains an actual controversy, and federal courts thus lack jurisdiction under Article III of the Constitution. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983).

Druzanovic's petition challenged only the length of his detention, not the fact of his impending removal. Because he has now been removed and is no longer in detention, there is no relief that this Court can provide. Therefore, Druzanovic's petition is moot, and this Court lacks subject matter jurisdiction.

## IV. Order

For the foregoing reasons, respondents' motion to dismiss (Dkt. No. 6) is GRANTED and the petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITHOUT PREJUDICE.

SIGNED on this 21st day of August, 2017.

                                              Kenneth M. Hoyt
                                              United States District Judge